**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CRIMINAL ACTION NO. 16-40-DLB-CJS
CIVIL ACTION NO. 17-195-DLB-CJS

UNITED STATES OF AMERICA                                          PLAINTIFF

v.            **<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

THELMO LEON WRIGHT                                        DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Proceeding *pro se*, Defendant Thelmo Leon Wright filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 78). Pursuant to the Court's local practice, the Motion was referred to Magistrate Judge Candace J. Smith for preparation of a Report and Recommendation ("R&R"). Accordingly, this matter is before the Court on Judge Smith's R&R, wherein she recommends that the Court deny Wright's Motion to Vacate. (Doc. # 89). Wright having filed timely Objections to the R&R (Doc. # 90), the R&R is now ripe for the Court's review. For the reasons that follow, Wright's Objections are **overruled** and the R&R is **adopted** as the opinion of the Court.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Thelmo Leon Wright and two codefendants—Londell Davis, III, and Anthony Patrick Lashley—were charged in a one-count Indictment with participating in a conspiracy to present materially altered Postal Service Money Orders (PMOs) with the intent to defraud the United States Post Office, in violation of 18 U.S.C. § 371. (Doc. # 3). Specifically, the Indictment alleged that from approximately April 12, 2016, through

1

September 6, 2016, Wright and his codefendants agreed to work together to purchase multiple PMOs for low-dollar amounts in New Jersey, alter them, and then attempt to cash them for $1,000.00 each at various U.S. Post Offices in northern Kentucky. *Id.*

Wright was charged with several overt acts in furtherance of the conspiracy, including renting a white Hyundai Sonata in Englewood, New Jersey, on August 29, 2016. *Id.* On September 6, 2016, Wright and his codefendants were apprehended in the white Sonata; when the defendants were searched, police found a wealth of incriminating evidence in the defendants' possession. *Id.* A fraudulent New Jersey driver's license in the name of M.G., multiple credit cards in the names of A.C., M.G., and A.W., and $4,601.24 in cash, among other things, were found on Wright's person. *Id.* Similarly, six fraudulent, out-of-state driver's licenses, an American Express credit card in the name of M.G., and a Wells Fargo MasterCard in the name of J.W., among other things, were found on the person of Wright's codefendant, Londell Davis. *Id.*

On February 2, 2017, Wright pleaded guilty to the single-count Indictment. (Docs. # 39 and 88-1). During the sentencing phase of the proceedings, Wright contested the application of an enhancement to his offense level for having a management role. (Docs. # 50, 56, and 75). Specifically, Wright objected to use of a statement by Nathaniel Taylor, an informant who was interviewed by Postal Inspectors on May 12, 2016, to support the role enhancement sought in the Presentence Investigation Report; Wright claimed that the statement was "hearsay regarding unindicted conduct." (Doc. # 50 at 3).

During the May 8, 2017 sentencing hearing before then-U.S. District Judge Amul Thapar, defense counsel had an opportunity to argue against application of the management-role enhancement before the presiding district judge; however, defense

counsel acknowledged that Sixth Circuit case law was contrary to his argument regarding his hearsay objection. (Doc. # 75 at 4-5). Consistent with Sixth Circuit precedent, the Court held that the informant's hearsay statement was admissible for sentencing, as there was sufficient indicia of reliability, and further, that there was sufficient other evidence of Wright having a management role to enhance his offense level. *Id.* at 5-12. During the hearing, the Government also declined to move for the third point for acceptance of responsibility under the sentencing guidelines. *Id.* at 18.

Counsel for the United States then voiced the Government's objection to a two-level reduction for acceptance of responsibility. *Id.* at 18. Noting the Government's objection, the Court noted that "[y]our record is preserved." *Id.* Turning to defense counsel, the Court stated:

| | |
|---|---|
| The Court: | You agree, Mr. Smith, that her record is preserved on that, just like yours is on the leadership role, correct? |
| Mr. Smith: | Agreed. |
| The Court: | Okay, good. You all can fight it out in the Sixth Circuit. What's a good sentence? |

*Id.* Noting that counsel for each side had preserved the parties' guidelines objections, the Court then went on to sentence Wright to a term of thirty-eight months of imprisonment— below the forty-six months sought by the United States. *Id.* at 28. Wright was then provided a written notice of his right to appeal and instructed to go over it with his attorney and let the Court know if he had any questions. *Id.* at 32. The written notice, signed by Wright, advised that a "Notice of Appeal must be filed in this court within fourteen (14) days from the date of entry of the Judgment." (Doc. # 60). Judgment was entered on May 11, 2017, and Wright did not file a timely appeal. (Doc. # 62).

Wright filed the subject Motion to Vacate under 28 U.S.C. § 2255 on October 23, 2017, alleging ineffective assistance of counsel for failure to file a notice of appeal "on the two preserved sentencing issues." (Doc. # 80 at 4). Specifically, Wright argued that (1) he should not have been subjected to the management-role enhancement when the Government relied solely on hearsay statements from an informant; (2) he should have received an additional credit for acceptance of responsibility; and (3) counsel was ineffective for his failure to interview Wright's two codefendants, "which would have established that [he] was not the 'leader' of this conspiracy and not subject to the 'leadership' enhancement." *Id.* at 4-5. The R&R rejected each of Wright's arguments. (Doc. # 89).

## II. ANALYSIS

### A. Legal Standards

The Court reviews *de novo* those portions of the R&R to which specific objections have been filed. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Where no objections are made, or the objections are vague or conclusory, the Court is not required to review under any standard. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Jenkins*, No. 6:12-cr-13-GFVT, 2017 WL 3431834, at *1 (E.D. Ky. Aug. 8, 2017). Allegations in *pro se* habeas complaints are held to a less stringent standard and are construed liberally, however "inartfully pleaded." *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

An objection that does "nothing more than state a disagreement with a [magistrate judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No.

5:09-cr-81-DLB, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). Thus, "objections that merely restate arguments raised in the memoranda" that the magistrate judge has already considered "are not proper, and the Court may consider such repetitive arguments waived." *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011). Where an objection is simply a repetition of what a magistrate judge has already considered, it fails "to put the Court on notice of any potential errors" in the magistrate judge's analysis. *Shephard*, 2016 WL 9115464, at *1 (citing *VanDiver*, 304 F. Supp. 2d at 938).

**B.     Wright's objections are overruled.**

To prevail upon an ineffective assistance of counsel (IAC) claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, Wright has raised two central objections to Judge Smith's R&R,[1] challenging the Magistrate Judge's finding of neither deficient performance nor prejudice in defense counsel's failure to (1) file a notice of appeal, or (2) interview Wright's codefendants or introduce their testimony at sentencing. Each of these arguments will be addressed in turn.

### *i.     Wright's attorney did not render ineffective assistance of counsel by failing to file a notice of appeal.*

Wright first argues that the R&R misapplied the standard to analyze his IAC claim. Wright asserts that the R&R improperly focused on whether Wright expressly directed counsel to file a notice of appeal. (Doc. # 90). Wright argues that the proper standard is set forth in *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000), which imposes a duty to

---

[1]     The findings of fact and conclusions of law in the R&R to which Defendant has not objected are adopted as the Court's. *Arn*, 474 U.S. at 150.

5

"consult" when counsel has a reason to think "either (1) that [a] rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." (Doc. # 90 at 2). Wright notes that "[w]here either of these circumstances are met, an attorney is required to advise the defendant about the advantages and disadvantages of taking an appeal and to make a reasonable effort to discover the defendant's wishes." (Doc. # 90 at 2) (citing *Gunner v. Welch*, 749 F.3d 511, 518 (6th Cir. 2014)).

In support of his argument that counsel had reason to think Wright would want to appeal, Wright notes that "counsel put up a rigorous argument on the [management-role sentencing] enhancement in this case." (Doc. # 90 at 2-3) ("That the argument was so rigorous in the district court, allows the conclusion that it would have been a colorable claim on appeal"). Wright also points to an offhand statement made by the Court in sentencing proceedings "recogniz[ing] . . . that the parties would be taking 'this issue up with the Sixth Circuit.'" (Doc. # 90 at 2). Wright asserts that "[t]he court's recognition would allow any jurist of reason to declare that counsel had a duty to consult with Wright regarding an appeal." *Id. See also id.* at 3 ("The issue was ripe for appeal and the Court even expected the parties to take up the issue there.").

Wright also argues that the R&R misapplied the IAC standard in finding that even if Wright were to appeal, he could not show prejudice "because he likely would have failed on appeal." (Doc. # 90 at 2). Wright asserts that "the standard for prejudice is not whether he would have succeeded on appeal, but whether, 'there is a reasonable probability that but for counsel's deficient failure to consult him about an appeal, he would have timely

6

appealed.'" (Doc. # 90 at 3) (citing *Flores-Ortega*, 528 U.S. at 484).

Wright's objection is meritless as it centers upon a contention that counsel should have inferred Wright's desire to appeal from the circumstances despite Wright's failure to expressly request counsel to file an appeal. "Absent specific instructions to file an appeal," defense counsel is only required to "consult" with the defendant "about the benefits and drawbacks of bringing an appeal." *Shelton v. United States*, 378 F. App'x 536, 538 (6th Cir. 2010). "[W]hen consultation has occurred, then counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to the appeal." *Id.* (citing *Flores-Ortega*, 528 U.S. at 478).

The record shows that defense counsel satisfied the Supreme Court's "consultation" requirement that he "advis[e] the defendant about the advantages and disadvantages of taking an appeal and mak[e] a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. Counsel's Affidavit attests that he "made Mr. Wright aware of the time restriction for any appeal" and "discussed the possibility of appeal with Mr. Wright, in person and by [a May 9, 2017] letter [and] strongly recommended against an appeal, due to the lack of a viable basis combined with a potential appeal by the [Government]." (Doc. # 86-1 at 1-2).

The May 9, 2017 letter attached to counsel's Affidavit provided Wright with detailed reasoning for counsel's recommendation against an appeal and cautioned that "<u>the final issue is whether or not to appeal</u> which must be filed within 14 days, if at all." *Id.* at 4. Counsel in his letter then makes a reasonable effort to discover the defendant's wishes, informing Wright that "[i]f you want to instruct me to file a notice of appeal I need to know that affirmatively. Otherwise, based on what I know and my advice, I strongly recommend

7

against that." *Id.* This evidence satisfies the Court that defense counsel "consulted" with the defendant pursuant to the *Flores-Ortega* standard. 528 U.S. at 478.

After the requisite consultation with his client, defense counsel has a duty to file an appeal only "if requested to do so by his client." *Flores-Ortega*, 528 U.S. at 480; *accord Shelton*, 378 F. App'x at 538. Defense counsel closed his letter to Defendant Wright by again emphasizing that Wright needed to affirmatively contact counsel should he desire to file an appeal—and even provided directions on how best to contact counsel:

> Please call with any questions or comments. Please write or phone with any instructions related to an appeal other than not filing an appeal, and with any other comments. *Again, I will not appeal any issue in your case unless specifically instructed to do so by you.*

(Doc. # 86-1 at 4) (emphasis added).

The record shows, however, that—in accordance with counsel's advice—Wright did not request defense counsel to file an appeal. Counsel's Affidavit attests that he "made Mr. Wright aware of the time restriction for any appeal," that he "corresponded with Mr. Wright after his sentencing to finalize [his] representation," and that Wright "[a]t no time, during any discussion, has . . . ever expressed the lack of an appeal in his criminal matter." *Id.* at 1. Wright does not deny receiving counsel's May 9, 2016 letter; nor has he claimed that he directed defense counsel to file a notice of appeal. Moreover, Wright has failed to point to any evidence to support a claim that, after receiving counsel's correspondence discussing the advantages and disadvantages of taking an appeal, Wright requested defense counsel to file the appeal.

Upon review of the record, and further, in light of the Court's express warning to Wright at sentencing that he had fourteen days to file an appeal after entry of judgment, it is clear that the circumstances in this case significantly differ from those in *Flores-*

8

*Ortega*, where that defendant "had little or no understanding of what the process was, what the appeal process was, or what appeal meant at that stage of the game." *Flores-Ortega*, 538 U.S. at 475. All evidence in the record points to a finding that defense counsel acted reasonably. Accordingly, Wright's objection on this ground is meritless.

Nor has Wright demonstrated the requisite prejudice, which "is shown when there is a reasonable probability that, but for counsel's deficient performance, petitioner would have timely appealed." *Shelton*, 378 F. App'x at 538 (citing *Flores-Ortega*, 528 U.S. at 483-84). The Court expressly informed Wright at sentencing that he had fourteen days to file an appeal after entry of the judgment. (Docs. # 60 and 75 at 32). However, Wright did not express interest in filing an appeal until August 28, 2017—more than three months after counsel's May 9, 2017 letter requesting Wright to affirmatively reach out by phone or mail should he wish to file an appeal. (Docs. # 62 and 76). Accordingly, Wright has failed to demonstrate ineffective assistance of counsel for his attorney's failure to file a notice of appeal, and the Court agrees with Judge Smith's finding on this ground. (Doc. # 89 at 9-13).

> ### ii. Wright's attorney did not render ineffective assistance of counsel by failing to interview Wright's codefendants or to present their testimony during sentencing proceedings.

Wright next objects to Judge Smith's finding that he cannot show prejudice in his IAC claim based on "counsel's failure to investigate and interview witnesses that would have established that he was <u>not</u> the 'leader' [o]f this conspiracy." (Doc. # 90 at 3). Wright asserts that had counsel "investigated and interviewed the witnesses he would have been able to call these witnesses at the sentencing hearing and establish that Wright was not the leader [and] [t]here would be no 'confrontation' necessary as these witnesses

9

would have been Wright's witnesses."  (Doc. # 90 at 4).

Further, Wright asserts that "an investigation by counsel and interview of these witnesses would have revealed that Wright was the only one of the defendants equipped with a credit card, thus the only one able to rent a vehicle." *Id.* at 4.  Wright contends that "[t]his fact would not meet the standard to classify Wright as a 'leader' in accordance with U.S.S.G. § 6A.1.3(a) whereas each defendant was acting independently in processing and collecting money from the fraudulent money orders." *Id.*  Wright also disagrees with the evidence relied upon in the R&R in support of the finding that Wright was a "leader." *Id.*  He asserts, without support, that had defense counsel counsel investigated and put forth the evidence available from the codefendants' testimony, this evidence would "easily <u>outweigh</u> the circumstantial evidence relied upon by the government to seek the enhancement . . . [and] would have established that his role of renting the vehicles was born[e] out of necessity of the other defendants['] inability to do so, as opposed to Wright being a leader." *Id.* at 4-5.

Wright's objection is meritless because he provides no factual basis for his sweeping conclusions.  First, the record does not support Wright's unsupported factual assertion that "an investigation by counsel and interview of [codefendants] would have revealed that Wright was the only one of the defendants equipped with a credit card." (Doc. # 90 at 4).  As set forth in section I., *supra*, Wright's codefendant Londel Davis was found with, among other things, six fraudulent, out-of-state driver's licenses, an American Express credit card in the name of M.G., and a Wells Fargo MasterCard in the name of J.W., on his person.  (Doc. # 89 at 2) (citing Presentence Investigation Report at 6-7).

10

Moreover, Wright has wholly failed to demonstrate that "[h]ad counsel investigated and put forth the evidence available from the testimony of Wright's codefendants, Wright's evidence would easily outweigh the circumstantial evidence relied upon by the government to seek the enhancement," see (Doc. # 90 at 5), such that counsel's performance was constitutionally deficient. *Strickland*, 466 U.S. at 686. To the contrary, the record shows that defense counsel *did* investigate the potential testimony of Wright's codefendants, and he reasonably concluded that the testimony would not benefit Wright's defense. Defense counsel attested:

> [Wright] seems upset that I did not subpoena his two co-defendants to his sentencing hearing for live testimony. One of those gentlemen had already signed a plea agreement. Paragraph 3 of that plea agreement indicated Mr. Wright's role in the matter and live testimony would have been unhelpful. The other co-defendant pled guilty without a signed plea agreement, but based on a conversation with his lawyer, putting him on a witness stand would not have helped Mr. Wright's argument that he was only a passive and very minor participant.

(Doc. # 86-1 at 2).

Accordingly, the record controverts Wright's unsupported assertion that his codefendants' testimony would have vitiated the management-role enhancement at sentencing. The Sixth Circuit has made clear that "there can be no constitutional deficiency" in failing to raise meritless arguments. *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999); *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (stating that counsel "[is] not required to make meritless arguments to avoid a charge of ineffective assistance of counsel"). Counsel therefore did not render constitutionally deficient performance in failing to present the testimony of Wright's codefendants during sentencing proceedings. The Court agrees with Judge Smith's finding on this ground. (Doc. # 89 at 13-14). Accordingly, Wright's Objections are **overruled**.

### *iii.  Wright is not entitled to a certificate of appealability.*

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted); 28 U.S.C. § 2253(c)(2).  When the denial of a § 2255 motion is based on the merits, the defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Wright has not met this burden.  Therefore, the Court agrees with the Magistrate Judge's recommendation that no certificate of appealability shall issue.

## III.  CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)  Defendant Wright's Objections (Doc. # 90) to the Magistrate Judge's Report and Recommendation are hereby **OVERRULED**;

(2)  The Magistrate Judge's Report and Recommendation (Doc. # 89) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(3)  Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 78) is hereby **DENIED**;

(4)  The Court certifies that, for the reasons set forth in the Order Adopting Report and Recommendation, there would be no arguable merit for appeal in this matter, and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**;

(5)  This matter shall be, and hereby is, **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket; and

(6)  A separate Judgment shall be filed concurrently herewith.

This 15th day of January, 2019.



L:\DATA\ORDERS\Covington Criminal\2016\16-40 Order Adopting R&R re 2255.docx